### THE HAMMOND.

(District Court, S. D. Florida.   December 18, 1926.)

No. 2285.

1. **Admiralty ⚌50—Owner without knowledge of sale of vessel under attachment for maritime liens held entitled to intervene for proceeds in registry of court (admiralty rules 26, 34).**

Where vessel was sold by order of court under attachment to satisfy maritime liens, and sale confirmed before owner was aware vessel had been attached, admiralty rule 34, and not rule 26, applied, and owner was entitled to intervene for proceeds in registry of court.

2. **Maritime liens ⚌29—Officers and agents of vessel bind vessel for necessaries, unless furnisher knew or could have ascertained their lack of authority.**

Officers and agents of vessel bind vessel for necessaries, when appointed by charterer or owner pro hac vice, unless furnisher knew, or by reasonable diligence could have ascertained, that because of terms of charter party, agreement for sale, or for any other reason, person ordering necessaries was without authority to bind vessel.

3. **Maritime liens ⚌30—Charter requiring charterer to pay for supplies, but not prohibiting liens, held insufficient to deprive furnisher of statutory maritime lien.**

Charter requiring charterer to pay for towage, watching, wharfage, and supplies that might become lien on vessel, but containing no prohibition on charterer placing liens for necessaries thereon, *held* insufficient to deprive furnisher of supplies of statutory maritime lien, where supplies were furnished without knowledge of character of possession of vessel.

In Admiralty.   Libel by David H. Smith against the barge Hammond, in which Bertell W. King and V. F. Hancock and others intervened.   On motion to strike, and exceptions to answer of intervener King.   Denied in part, and granted in part.

Loftin, Stokes & Calkins, of Miami, Fla., for libelant.

E. O. Locke, of Jacksonville, Fla., for claimant.

E. J. L'Engle and W. F. Rogers, both of Jacksonville, Fla., for interveners Hancock and others.

George C. Bedell, of Jacksonville, Fla., for intervener King.

CALL, District Judge.   The libel in this case was filed January 22, 1926, attachment duly issued and the vessel was taken into the custody of the marshal.   On March 24th the vessel was sold under order of the court for $4,000, and the sale confirmed on May 25th.   On June 10th Bertell W. King, as owner, filed his petition to intervene for the proceeds in the registry of the court, and for leave to answer the libel and interventions filed in the cause, and on that day an order was entered granting the petition.   The petition in effect sets up that he was sole owner of the vessel; that he had chartered her to one MacBraswell for an indefinite time at a certain charge per day, with the privilege of purchase of a half interest, and that all contracts and proceedings mentioned in the libel were had with the charterer; that he was ignorant that the vessel had been attached until after the sale under order of the court and confirmation of same.   A copy of the contract is attached to the petition and made a part.   A motion was made by libelant to strike the petition on the ground that, as owner, he should have filed his claim under admiralty rule 26, and not proceeded under rule 34.   He also, together with certain interveners, filed exceptions to the petition covering the same grounds and some others.

[1] As to the motion to strike and exceptions, it seems to me that it is sufficient to say that the vessel had been sold under order of court and the sale confirmed before the owner was aware that his vessel had been attached.   The money realized by said sale had been deposited in the registry of the court, and constituted a fund to be distributed under the orders of the court, and that rule 34 applies.   I am of opinion that petitioner was within his rights in this proceeding, and that the motion to strike must be denied.   The exceptions of libelant, upon the same grounds as his motion to strike, must also be overruled.   The exceptions filed by certain interveners add other grounds of exception, but I do not think either of them is well taken.   The exceptions filed to the petition must therefore be overruled.

On June 11th King filed his answer to the libel and supplemental libel, and also to certain interveners. In his answer to the libel and supplementary libel, after alleging no knowledge of the facts set up in the libel and supplementary libel, he avers the facts in the petition and makes a copy of the contract a part. In answer to the interventions, he denies that MacBraswell was part owner, or that he operated the vessel as his agent, reiterates his ignorance of the attachment of the vessel until sale and confirmation, repeats the allegations of the contract set forth in his petition, and makes a copy of it a part. Libelant made a motion to strike the answer, virtually upon the same grounds of the motion to strike the petition. This motion will be denied. Exceptions were filed, also, to the answers and certain paragraphs. The fourth paragraph of the answer is directed to the supplemental libel, and denies any duty to perform the acts, the failure to perform which is made the basis of recovery in the supplemental libel. The fifth restates the matters set upon in the petition.

[2] The question made by the exceptions depends on the construction of the contract of charter, copy of which is made a part of the answers. Officers and agents of a vessel bind the vessel for necessaries, when appointed by the charterer or an owner pro hac vice, unless the furnisher knew, or by the exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale, or for any other reason, the person ordering the necessaries was without authority to bind the vessel.

[3] The decision of the question here involved hinges on whether the agreement denied the right of the charterer to pledge the credit of the vessel for necessaries furnished. The agreement unquestionably contemplated that the charterer should pay for towage, for watching, wharfage, supplies, etc., that might become a lien, but contains no inhibition on the charterer placing liens for necessaries upon the vessel. This, as I understand the cases, is not sufficient to deprive the furnisher of the maritime lien given by the statute, where the same are furnished without knowledge of the character of the possession of the vessel. I feel constrained, therefore, to sustain the exceptions to the answers. But this should not prevent the owner from contesting the items claimed in the libel and the existence of a maritime lien for particular items. These questions I do not deem it is proper for the court to pass upon on this hearing.

An order may be prepared pursuant to the above.